# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. ALLEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARIAS, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:22-cv-01502-ADA-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 10)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT<br>(ECF No. 10)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff James D. Allen ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 10, 2023, the Court screened the complaint and ordered Plaintiff to file an amended complaint or a notice of voluntary dismissal within thirty days. (ECF No. 9.)

Currently before the Court is Plaintiff's motion requesting an extension of time and appointment of counsel, filed May 11, 2023. (ECF No. 10.) In his motion, Plaintiff requests an extension of time to amend his complaint and appointment of counsel. Plaintiff explains that since his arrival and Chuckawalla Valley State Prison ("CVSP") on October 27, 2022, to the present, there has been an ongoing inconsistency in providing adequate regular law library use for inmates. The Delta Yard is currently scheduled to have access to the law library once a week for

1

1 several hours, if they run it at all.  There are no physical law library books, the computer system
2 has periodically failed to provide research information due to malfunctioning, the paging system
3 is inadequate, and there is one law librarian for the entire prison for all yards.  COVID-19 has
4 previously impacted the program at CVSP, and there are discrepancies in receiving important pre-
5 opened and missing legal mail.  Plaintiff has requested a transfer to a different institution due to
6 the lack of legal assistance at the prison.  Plaintiff is an inexperienced litigant at this level of civil
7 law and has no outside support from family or friends to aid him in this civil complaint.  Plaintiff
8 requests appointment of counsel because he may not be transferred to another institution with
9 adequate law library access should the Court impose future deadlines in this case.  (*Id.*)

10 Plaintiff is informed he does not have a constitutional right to appointed counsel in this
11 action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*,
12 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent
13 plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*,
14 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request
15 the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

16 Without a reasonable method of securing and compensating counsel, the Court will seek
17 volunteer counsel only in the most serious and exceptional cases.  In determining whether
18 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
19 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
20 complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

21 The Court has considered Plaintiff's request, but does not find the required exceptional
22 circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has
23 made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
24 This Court is faced with similar cases filed by prisoners with limited legal knowledge and limited
25 access to their institution's law library who are proceeding *pro se* almost daily.  These prisoners
26 also must conduct legal research and prosecute claims without the assistance of counsel.
27 Although Plaintiff may be limited in his access to the law library, if he needs additional time to
28 meet the Court's deadlines he may seek an extension of time, as he has done here.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's original complaint was screened and found not to state cognizable claims, and the Court is awaiting the filing of Plaintiff's amended complaint for screening. Further, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Finally, with respect to Plaintiff's request for an extension of time to file an amended complaint, the Court finds good cause for the requested extension. As Plaintiff has not requested a specific length of extension, the Court finds that an extension of thirty days is appropriate under the circumstances.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to appoint counsel, (ECF No. 10), is DENIED, without prejudice;
2. Plaintiff's motion for extension of time to file an amended complaint, (ECF No. 10), is GRANTED;
3. The Clerk's Office shall send Plaintiff a complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in the April 10, 2023 screening order or file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a); and
5. **The failure to comply with this order will result in a recommendation to dismiss this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **May 12, 2023**                      /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE