Plaintiff's Name: JAMES D. ALLEN
Inmate No.: #V-69177
Address: CHUCKAWALLA VALLEY STATE PRISON
P.O. BOX 2349
BLYTHE, CA. 92226

RECEIVED JUN 14 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

FILED JUN 14 2023
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES D. ALLEN
(Name of Plaintiff)

CASE No. 1:22-CV-01502-ADA-BAM(PC)
(Case Number)

vs.

ARIAS, et al.,
"and others"

(Names of all Defendants)

**AMENDED CIVIL RIGHTS COMPLAINT UNDER:**

☑ 42 U.S.C. 1983 (State Prisoner)

☐ **Bivens** Action [403 U.S. 388 (1971)] (Federal Prisoner)

"JURY TRIAL DEMANDED"

**I. Previous Lawsuits (list all other previous or pending lawsuits on additional page):**

A. Have you brought any other lawsuits while a prisoner? Yes ✓ No ___

B. If your answer to A is yes, how many? __1__

Describe previous or pending lawsuits in the space below. (If more than one, attach additional page to continue outlining all lawsuits in same format.)

1. Parties to this previous lawsuit:

Plaintiff JAMES D. ALLEN

Defendants R. DEAN

Plaintiff sued for 1st Amendment violation for "Retaliation".

2. Court (if Federal Court, give name of District; if State Court, give name of County)
UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA.

3. Docket Number 1:21-CV-00150-JLT-EPG(PC). Assigned Judge DISTRICT JUDGE JENNIFER L. THURSTON

5. Disposition (Was the case dismissed? Appealed? Is it still pending?)

THE PARTIES REACHED A SETTLEMENT AGREEMENT FOR $6,240 ON MARCH 21, 2023.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

1. J. BURGESS - c/o

2. J. HARRIS - c/o

3. M. Rodriguez - c/o

4. John Doe - c/o

5. M. GARCIA - Captain

6. John/Jane Doe - Psych Tech


Individually and in their official Capacity,

"1-A"

6. Filing Date (approx.) __7-29-21__     7. Disposition Date (approx.) __MARCH 21, 2023__

## II. Exhaustion of Administrative Remedies

**NOTICE:** Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prior to filing suit, inmates are <u>required</u> to exhaust the available administrative remedy process, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1999 (9th Cir. 2002), and neither futility nor the unavailability of money damages will excuse the failure to exhaust, *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002).  If the court determines that an inmate failed to exhaust prior to filing suit, the unexhausted claims will be dismissed, without prejudice. *Jones*, 549 U.S. at 223-24, 127 S.Ct. at 925-26.

    A. Is there an inmate appeal or administrative remedy process available at your institution?

    Yes __✓__     No_____

    B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

    Yes __✓__     No_____

    C. Is the process completed?

    Yes __✓__     If your answer is yes, briefly explain what happened at each level.

I/M APPEAL GRIEVANCE 602 Log No. 000191973 was bypassed at the 1ST Level of review, ON 12-24-21 the (OOG) Level of review rendered a "DISAPPROVAL" by P. HORN [HOPA 011]. ON 3-12-22 the (OOA) rendered a "Granted" decision by Chief, H. Moseley [MOHO002]. I/M APPEAL GRIEVANCE 602 Log No. 225842 dated 2-18-22 was referred to an Appropriate Authority and exhausted Administrative remedies ON 3-01-22.

I/M Appeal Grievance 602 Log No. 234672 dated 3/13/22 was exhausted on 4-11-2022

    No_____     If your answer is no, explain why not.

## III. Defendants

List each defendant's full name, official position, and place of employment and address in the spaces below.  If you need additional space please provide the same information for any additional defendants on separate sheet of paper.

    A. Name __C/O Arias__ is employed as __Correctional Officer__
    Current Address/Place of Employment __California Correctional Institution P.O. BOX 1905 Tehachapi, CA. 93581__

2

B. Name __J. Burgess__ is employed as __Correctional Officer__

Current Address/Place of Employment __California Correctional Institution P.O. Box 1905, Tehachapi, CA. 93581__

C. Name __J. Harris__ is employed as __Correctional Officer__

Current Address/Place of Employment __California Correctional Institution P.O. Box 1905, Tehachapi, CA. 93581__

D. Name __M. Rodriguez__ is employed as __Correctional Officer__

Current Address/Place of Employment __California Correctional Institution P.O. Box 1905, Tehachapi, CA. 93581__

E. Name __C/O John Doe__ is employed as __Correctional Officer__

Current Address/Place of Employment __California Correctional Institution P.O. Box 1905, Tehachapi, CA. 93581__

**IV. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary. Must be in same format outlined below.)

<u>Claim 1</u>: The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

__Defendants c/o Arias and c/o Burgess demonstrated "deliberate indifference" in violation of Plaintiff's rights, and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Plaintiff has complied with "Cal. Gov. Claims Act" Claim # 22027898__

<u>Supporting Facts</u> (Include all facts you consider important to Claim 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 1.):

__On 11-18-21, at CCI Prison - Tehachapi, CA., Housing Unit C4-248, Plaintiff observed inmate Jaime Maddox in the process of committing suicide approximately 5:30pm. Plaintiff decided to intervene in order to avert a tragedy. Upon Plaintiff's inquiry of inmate Maddox - "Why are you trying to commit suicide?" inmate Maddox divulged that he did something stupid, he had attempted to cash bribe c/o Arias in the equipment room to bring in contraband the previous day on 11-17-21. And, now is being forced to switch on other inmate affairs. Plaintiff requested a private conference with defendants c/o Arias and c/o Burgess in HU-C4 approximately 5:45pm while in the Facility C dining hall. The conference__

III. Defendant's Continuation:

F. NAME  M. GARCIA  is employed as Correctional Captain
Current Address/Place Of Employment California Correctional Institution P.O. BOX 1905, Tehachapi, CA. 93581

G. NAME John/Jane DOE  is employed as Psyche Tech
Current Address/Place Of Employment California Correctional Institution P.O. BOX 1905, Tehachapi, CA. 93581

"2-B"

took place approximately 6:45pm inside the staff office in HU-C4. Plaintiff expressed concern for inmate Maddox while mentioning the word, "Codeword" that caused a swift adverse reaction from c/o Arias in demeanor and speech. c/o Arias replied, "I could send the both of yall to the hole, and further stated that he could have someone stabbed, then once the inmate was caught he could pretend like he had nothing to do with it." Plaintiff called inmate Maddox into the staff office and compelled him to reveal what he was caught doing. Inmate Maddox exemplified sullen demeanor and made several different impactful statements that indicated he was attempting suicide; ie..."I was having a bad day." "I had a moment of weakness." "I really wasn't going to do it." Before Plaintiff blurted out how I had caught him with a makeshift rope around his neck and a sign taped to his chest trying to strangulate himself off the vent above the toilet. CONTINUE pg. 4

**Claim 2:** The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

Defendant c/o John Doe failed to intervene to prevent the misuse of force, and c/o Rodriguez use of excessive force violated Plaintiff's right(s) and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

Supporting Facts (Include all facts you consider important to Claim 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 2.):

On 11-19-21, approximately 2:00pm, at CCI prison on Facility C Housing Unit C4, defendant(s) c/o John Doe responded to an alarm code. C/o John Doe upon arrival discovered a unconscious inmate Maddox lying on the floor incapacitated by the staff office. C/o John Doe also discovered Plaintiff kneeling on one knee before ordering Plaintiff to prone out on the floor. Defendant c/o John Doe placed Plaintiff in handcuffs, then performed a cursory clothed body search and discovered blood on the leftside of Plaintiff's buttox that had seeped from a wound from the left forearm that was handcuffed behind Plaintiff's back. A deep 7.5 cm length/0.5 cm width slash wound was located. C/o John Doe alerted Plaintiff that I had been hit with something sharp. Plaintiff immediately requested c/o John Doe to check his neck several times, wherein defendant c/o John Doe discovered a injury that caused him to exclaim, "Ooh!" before abruptly leaving Plaintiff lying handcuffed on his stomach. A 5.5cm length/1.0cm width deep slash wound was located on Plaintiff's right shoulder Trapezius area. CONTINUE pg. 5

3

Continuation of "Supporting Facts(s) For count 1":

C/O Burgess ordered inmate Maddox to turn around and cuff up. A escort team was called and upon their arrival inmate Maddox was taken to a undisclosed section of the Prison. One and the half (1½) hours later inmate Maddox returned to HU-C4-248, approximately 8:45 pm. The following day 11-19-21, approximately 2:00pm, inmate Maddox attempted to slice Plaintiff's throat with a box cutter blade, wounding Plaintiff on the rightside shoulder Trapezius area with a 5.5 cm length/1.0 cm width slash, and a 7.5 cm length/0.5 width slash on Plaintiff's left forearm. Plaintiff was triaged at CCI Facility Medical Clinic before transported to Tehachapi Hospital. (See Exhibit "A")

On or around 11-18-21 defendants C/O Arias and C/O Burgess violated my 8th Amendment to be free from cruel and unusual punishment when they failed to protect Plaintiff from an assault committed by a suicidal/homocidal inmate Maddox when he attacked me with a box cutter. Defendants C/O Arias and C/O Burgess demonstrated deliberate indifference because they knew or should have known that inmate Maddox posed a threat to the safety and security of others after inmate Maddox attempted to cash bribe C/O Arias, and attempted suicide the Previous day, wherein inmate Maddox was escorted to see medical/mental health staff before being permitted to return to Housing Unit C4-248. Defendants knew that plaintiff was the person who intervened in inmate Maddox's suicide attempt and discovered the failed bribery attempt fore which inmate Maddox was suffering the ramifications for. Inmate Maddox posed a threat to plaintiff's safety. Defendants demonstrated deliberate indifference by failing to closely supervise inmate Maddox and protect Plaintiff from an attack by inmate Maddox in whom had become a safety and security threat to the institution.

4

Continuation of Supporting Fact(s) For Claim 2

Within several minutes C/O John Doe and C/O Rodriguez returned to the area where Plaintiff was located near A-section Phones. When C/O John Doe and C/O Rodriguez got within approximately a foot and the half of Plaintiff before defendant C/O Rodriguez began to spray the Plaintiff in the face, eyes, head, shoulders, neck, and ears...etc. Plaintiff immediately began to burn, cough, and gasp for air. Several seconds later, an unconscious inmate Maddox was subsequently sprayed with an entire can of chemical agent that eventually caused him to go into convulsions, if not cardiac arrest. Plaintiff was triaged on Facility C Medical Clinic before being transported to Tehachapi Hospital for treatment. Upon return to CCI prison, Plaintiff was rehoused in Ad-seg pending investigation.

On 11-19-21, at CCI Prison-Tehachapi, CA., Co-defendants C/O John Doe and C/O Rodriguez violated Plaintiff's right(s) and constituted Cruel and Unusual Punishment, through use of "excessive force" by spraying a chemical agent on Plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, in "Bad faith" under the Eighth Amendment of the United States Constitution.

5

Claim 3:

Defendant Captain Garcia use of intimidation inspired fear as an act of "Retaliation" in order to quell Plaintiff's Speech in violation of Plaintiff's right(s), and constituted retaliation under the First Amendment of the United States Constitution. The right to petition the government for a redress of grievance(s).

Supporting Fact(s):

On 11-18-21, at CCI Prison - Tehachapi, CA., approximately 5:30 pm, Plaintiff intervened and averted inmate Jaime Maddox from committing suicide in Housing Unit #C4-248.
Approximately 5:45, in Facility C-dining hall, Plaintiff requested an emergency Private Conference with HU-C4- staff, that took place in approximately 6:45pm in C4-Staff Office. Co-defendants c/o Arias, c/o Burgess, were in attendance, in addition to, inmate Maddox and the Plaintiff. During the conference, Plaintiff revealed that inmate Maddox was caught in the process of committing suicide by the Plaintiff. C/o Burgess ordered inmate Maddox to turn around and cuff up before a escort team was called, of which, then escorted him to a undisclosed location at CCI-prison. However, Inmate Maddox was permitted to return to #C4-248 approximately (1½) one and the half hours later.

On 11-19-21, approximately 2:00pm inmate Maddox attempted to murder Plaintiff by attempting to slice Plaintiff's throat with a boxcutter blade. Plaintiff sustained two (2) injuries — 5.5cm length/1.0cm width deep slash on his right shoulder Trapezius area, and a 7.5cm length/0.5cm width deep slash on the left forearm. Plaintiff was triaged at Facility C-Yard Medical Clinic before being transported to Tehachapi Hospital. Upon return to CCI prison, Plaintiff was rehoused in Ad-seg pending investigation.

6

Continuation of Supporting Fact(s) for Claim 3

On 11-24-21 Plaintiff was released back to Facility C, HU#-C4-107. Plaintiff discovered he had lost his 3rd watch Porter's inmate assignment job. Plaintiff filed a 602 inmate appeal grievance (Log No. 000191973) requesting reinstatement of inmate work assignment and that administration be held accountable for the failed suicide intervention on 11-26-21.

On 12-02-21, approximately 4:00pm on Facility C at CCI Prison, Captain Garcia and a handful of c/o's standing within 10-15 feet, through intimidation caused the Plaintiff to fear for his safety by initiating out Publically hostile dialogue with the Plaintiff by aggressively and menacingly stating, "Why you writing all that bullshit!" as Plaintiff left medical. Plaintiff responded by asking, "What do you mean by, bullshit?" "I wrote the truth!"
Captain Garcia replied, "Its bullshit— you go to Ad-seg, you lose your job!" Plaintiff requested a private sitdown, but was denied by Captain Garcia. On 12-24-21, the "Office of Grievance" level rendered a "Disapproval" decision by P. HORN [HOPA 011]. A follow up 602-2 was completed and submitted on 1-03-21 at the "OFFICE OF APPEALS"

Plaintiff contends he was engaged in a constitionally protected conduct granted by the U.S. Constitution 1st Amendment - "the right to petition the government for a redress of grievances" when Captain Garcia and a handful of c/o's used intimidation to inspire fear to quell Plaintiff's Speech, further causing Plaintiff vexation of mind, spirit, and heart.
On 3-12-22 "OFFICE OF APPEALS" Chief H. MOSELEY [MOHD002] "Granted" Inmate Appeal Grievance 602, 602-2 Log No. 000191973

7.

Claim 4:
Defendants c/o Harris and c/o Arias use of verbal threats to inspire "Fear and intimidation" to quell Plaintiff's speech for completing and submitting Inmate Appeal Grievance 602 Log No. 000191973 – in violation of Plaintiff's rights, and constituted Retaliations under the 1st Amendment of the United States Constitution. "A right to petition the government for a redress of grievances."

Supporting Fact(s):
On 11-18-21, approximately 5:30pm, Plaintiff intervened averted a suicide by inmate Maddox.
Approximately 6:45pm during a emergency requested conference with co-defendants c/o Burgess and c/o Arias, and inmate Maddox, Plaintiff revealed inmate Maddox attempted suicide. Inmate Maddox was handcuffed and escorted to a undisclosed location at CCI Prison for approximately (1½) one and the half hours before he returned to HU#C4-248.
On 11-19-21 approximately 2:00pm, while defendant c/o Harris was working in HU-C4-Tower, inmate Maddox attempted to murder Plaintiff by attempting to slice Plaintiff's throat with a box cutter.

Plaintiff sustained (2) two injuries – 5.5cm length/1.0cm width deep slash to the right shoulder Trapezius area, and a 7.5cm length/0.5cm width deep slash to the left forearm. Plaintiff was triaged on facility C-YARD, then transported to Tehachapi Hospital. Upon return to CCI Prison, Plaintiff was rehoused in Ad-seg pending investigation.

On 11-24-21 Plaintiff was released from Ad-seg and rehoused on Facility C HU#C4-107. Plaintiff was informed that I could not retain my 3rd Watch Porter's Job assignment due to previous

8

Continuation of Supporting Fact(s) for Claim 4:

unfortunate events. Therefore, Plaintiff completed and submitted a inmate appeal grievance requesting reassignment to 3rd watch Porter Job Position and that the administration be held accountable for the botched suicide intervention (Log No. 000191973) dated 11-26-21.

On 12-24-21 "OFFICE OF Grievances" rendered a "Disapproval" decision by P. Horn [HOPA 011]. Plaintiff completed and submitted a follow up 602-2 regarding (602 Log No. 000191973) to the "OFFICE OF APPEALS" on 1-03-22.

On 2-14-22 defendants c/o Harris and c/o Arias summoned Plaintiff to HU-C4-staff office wherein defendant c/o Harris made an ominous statement, "Next time I'm going to spray you with the whole can!"
Plaintiff inquired demandingly, "Why would you do that?!"
Defendant Harris replied, "Because you are starting to become a problem!" Also adding, "because you refused to accept a cellmate." Which was a premeditated threat and fabrication to justify why he c/o Harris wanted to spray me (Plaintiff) with a canister of Pepper spray.

Immediately after defendant c/o Harris had concluded his comment, c/o Arias made an additional ominous statement, "Whatever you wrote is having an impact in here," as he gesticulated with a wave of his hand to indicate co-defendants working in HU-C4. Defendant c/o Arias further stated in a threatening tone with explicit facial expressions and demeanor,

9

Continuation of Supporting Fact(s) for Claim 4:

"Atleast you got your life!" Then warned Plaintiff of the hazardous edge Plaintiff was walking on!" Also, cautioning Plaintiff not to go down that dark road because he'll get an address!"
Plaintiff instantly repeated, "An address?!"
Defendant C/O Arias verbally and explicitely stated, "An Address!" a couple of times with emphasis to cause Plaintiff to feel fear and intimidation because of the potential harm Plaintiff, or my family, or friends could face if plaintiff pursued litigation against him and co-defendants.

Several days later, on 2-17-21 an inmate approached Plaintiff and provided information that indicated defendant C/O Arias was soliciting them to potentially harm plaintiff. C/O Arias in part, told them that he intentionally left them out of the report; therefore, they owed him one because they were implicated in providing the boxcutter blade that was used in the attempted murder of Plaintiff on 11-19-21.

Plaintiff contends he was engaged in a constitutionally protected conduct granted by the U.S. Constitution 1ST Amendment "The right to petition the government for a redress of grievances when co-defendants C/O Harris and C/O Arias verbally threatened Plaintiff Allen as a result of completing and submitting inmate appeal grievance 602, 602-2 Log No. 000191973 that was "Granted" on 3-12-22 by the "OFFICE OF APPEALS" chief, H. Moseley [MOHO 002].

10

Claim 5:

Defendants C/O Arias, C/O Burgess, and John/Jane Doe Psychetech "Failure to Protect" Plaintiff from a suicidal/homicidal inmate, in violation of Plaintiff's Right(s), and constitute cruel and unusual Punishment under the Eighth Amendment of the United States Constitution.

Supporting Fact(s):

On 11-18-21, approximately 5:30pm, at CCI Prison-Tehachapi, CA. Housing Unit #C4-248, Plaintiff intervened and averted inmate Jaime Maddox from committing suicide.
Plaintiff further initiated a suicide intervention by forcing inmate Jaime Maddox to be present within HU #C4-staff office approximately 6:45pm in order to reveal inmate Maddox's deadly state of mind in the presence of Co-defendants C/O Arias and C/O Burgess.

Upon co-defendants C/O Arias and C/O Burgess receiving revelations of inmate Maddox's attempt of suicide, C/O Burgess ordered him to "turn around and cuff-up." Then had inmate Maddox escorted to a undisclosed location where he could potentially be seen by medical/mental health personnel in order to evaluate his wellbeing and determine if inmate Maddox need to go to a crisis bed. However, inmate Maddox returned to Housing Unit #C4-248 approximately 8:30pm.

On 11-19-21, approximately 2:00pm at CCI prison, Plaintiff and inmate Maddox were in the dayroom when inmate Maddox attempted to slice Plaintiff's throat with a boxcutter blade. Plaintiff sustained a 5.5cm Length/1.0cm width deep slash on the right shoulder

11

Continuation of Supporting Fact(s) For CLAIM 5:

Trapezius area, and 7.5 cm Length/0.5 cm width deep slash on the left forearm. Plaintiff was triaged on Facility C Medical clinic before being sent to Tehachapi Hospital.

Upon Plaintiff returning from Tehachapi Hospital on 11-19-21, Plaintiff was rehoused in Ad-seg pending investigation. On 11-24-21 Plaintiff was released from Ad-seg to Facility C HU-#C4-107.

On 11-26-21 Plaintiff filed a inmate 602 Appeal Grievance requesting restoration of inmate prison Porter's Job reassignment, and to hold staff accountable for the failed suicide intervention, Log No.#000191973.

On 12-02-21, during an interim upon anticipation of the "OFFICE OF GRIEVANCES" (OOG) response, Captain Garcia of Facility C-Yard initiated a targeted retaliation campaign against Plaintiff by utilizing "Fear and Intimidation" tactics because of the filed 602 Appeal Grievance Log No.#000191973

On 12-24-21 the (OOG) level rendered a "Disapproval" decision by P. HORN [HOPA011].
On 1-03-22 a 602-2 Appeal Grievance was submitted challenging the (OOG) level decision regarding the inmate appeal grievance Log No. 000191973 at the "OFFICE OF APPEALS" (OOA).

On 3-12-22 the (OOA) Chief, H. Moseley [MOHO002] "Granted" Plaintiff's 602-2 sanctioning CCI Administration for restoration of Plaintiff's Prison Porter's Job assignment.

12

Continuation of Supporting Fact(s) for Claim 3:

Plaintiff assert defendants c/o Arias, c/o Burgess, and John/Jane Doe Psychetech demonstrated "deliberate indifference" by Prohibiting Plaintiff from being interviewed by Medical/Mental Health staff, or ranking officials in order to provide pertinent information vital to the witnessing account of inmate Maddox's suicide attempt, and the reason's conveyed to plaintiff for the suicide attempt. Therefore, placing Plaintiff in Position to be retaliated against by a suicidal/Homocidal inmate Maddox, of which, Plaintiff allege is a "failure to Protect", in violation of Plaintiff's right(s), and constitute cruel and unusual Punishment under the Eighth Amendment of the United States Constitution.

13

Plaintiff assert all defendants acted under color of State Law. Therefore, Plaintiff request the Court grant any right to relief be asserted against the defendants Jointly, severally, or in the alternative with respect to (these claims) arising out of the same transaction, occurrence, or series of transactions or occurrences; afforded under the United States Constitution. The Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks. Defendants are being sued in their individual and/or official capacity. Plaintiff assert he has complied with the California Government Claims Act. Plaintiff Presented a Claim with the Government Claims Board and was denied. GCP File No. 22027898

## V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues.

Plaintiff Allen seeks compensatory, Punitive, and Nominal damages; as well as, any additional money damages appropriated by the Court or Jury against defendants; c/o Arias, c/o Burgess, c/o Harris, c/o Rodriguez, c/o John Doe, Captain GARCIA, and John/Jane Doe Psyche Tech in the amount of $500,000 each.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 6/11/23   Signature of Plaintiff: James D. Allen # V-69177

(Revised 4/4/14)

14

# Proof of Service By Mail

Re: Case/Document Number: Case No. 1:22-cv-01502-ADA-BAM (PC)
Case/Document Title: AMENDED CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. 1983

I, JAMES D. ALLEN hereby declare that I am a resident of Chuckawalla Valley State Prison, County of Riverside, California, and am over 18 years of age. My mailing address is P.O. Box 2349, Blythe, Ca, 92226.

On, JUNE 11th, 2023, I served a true and correct copy of the following document(s);

(1) AMENDED CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. 1983 (state Prisoner)

on each party listed below by enclosing true copies of the document(s) in an envelope with adequate postage fully provided, and by depositing said envelope ( in the United State Mail) at Chuckawalla Valley State Prison, P.O. Box 2349, Blythe, Ca, 92226.

UNITED STATES COURTS
OFFICE OF THE CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO, CALIFORNIA 93721-1318

There is regular delivery service by the United States mail between the above place of mailing and parties listed.

I declare under penalty of perjury that the forgoing is true and correct.

Signed: James D. Allen    CDC I.D.# V-69177
Executed on: JUNE, 11TH, 2023, at Blythe, California.