# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. ALLEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARIAS, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:22-cv-01502-ADA-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br>(ECF No. 14)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br>(ECF No. 13)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff James D. Allen ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending are the Court's July 12, 2023 findings and recommendations regarding dismissal of certain claims and defendants and for this action to proceed on Plaintiff's first amended complaint for excessive force against Defendant M. Rodriguez in violation of the Eighth Amendment (claim 2) and failure to protect/intervene against John Doe correctional officer in violation of the Eighth Amendment (claim 2).  (ECF No. 13.)

　　　　On July 27, 2023, Plaintiff filed objections to the findings and recommendations, together with a request to submit a second amended complaint.  (ECF No. 14.)  Plaintiff requests a last attempt to correct any/all deficiencies previously noted in the Court's screening orders and states that he wishes to include state law claims that were mistakenly left out of the first amended

complaint. Plaintiff also contends that all events in the first amended complaint stem from the same related series of events. (*Id.*)

In light of Plaintiff's *pro se* status, his assertion that he mistakenly omitted state law claims from his first amended complaint, as well as the inclusion of state law claims in the original complaint and references to compliance with the Government Claims Act in the first amended complaint, the Court finds it appropriate to vacate the pending findings and recommendations to allow Plaintiff to file a second amended complaint to include the omitted state law claims. This order does **not** mean that the Court agrees with Plaintiff's argument that all of the alleged claims are properly joined in a single action. Once filed, the Court will screen the second amended complaint and determine whether there are any cognizable claims, and which claims, if any, are properly joined.

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff must decide which related claims he wishes to pursue in this action and which claim he will pursue in a separate action. If Plaintiff's amended complaint continues to improperly join claims and defendants, the Court will choose which cognizable claims, if any, that Plaintiff may pursue. Plaintiff may not join unrelated claims.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint, (ECF No. 14), is GRANTED;

2. The findings and recommendations issued on July 12, 2023, (ECF No. 13), are VACATED;

3. The Clerk's Office shall send Plaintiff a complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint, **not to exceed twenty-five (25) pages**; and

5. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **July 28, 2023**               /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE