# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. ALLEN,<br><br>    Plaintiff,<br><br>  v.<br><br>ARIAS, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-01502-ADA-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT AS MOOT<br>(ECF No. 19)<br><br>ORDER GRANTING MOTION FOR CLARIFICATION OF DEADLINE TO FILE SECOND AMENDED COMPLAINT<br>(ECF No. 20) |

Plaintiff James D. Allen ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 31, 2023, the Court vacated the pending findings and recommendations regarding dismissal of certain claims and defendants from the first amended complaint and granted Plaintiff leave to file a second amended complaint to include state law claims inadvertently omitted from the first amended complaint. (ECF No. 15.) The Court granted Plaintiff's motion for extension of time, and the second amended complaint or notice of voluntary dismissal is currently due on or before October 11, 2023. (ECF No. 18.)

Currently before the Court is Plaintiff's "Motion for Clarification Date regarding request for extension of time," filed September 5, 2023, which requests clarification of the deadline for filing the second amended complaint. (ECF No. 20.) The motion was submitted together with

1

another copy of Plaintiff's original motion for extension of time, which was inadvertently filed as a second request for extension of time. (ECF No. 19.)

By instant order, the Court clarifies that the deadline for Plaintiff to submit his second amended complaint (or notice of voluntary dismissal) is October 11, 2023. The second motion for extension of time that was mistakenly filed is therefore denied as moot.

Plaintiff is reminded that his second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff must decide which related claims he wishes to pursue in this action and which claim he will pursue in a separate action. If Plaintiff's amended complaint continues to improperly join claims and defendants, the Court will choose which cognizable claims, if any, that Plaintiff may pursue. Plaintiff may not join unrelated claims. **Plaintiff's amended complaint may not exceed twenty-five (25) pages, exclusive of exhibits, and should include only claims and defendants properly joined pursuant to Federal Rules of Civil Procedure 18 and 20.**

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for clarification of the deadline to file his second amended complaint, (ECF No. 20), is GRANTED;
2. Plaintiff's second motion for extension of time, (ECF No. 19), is DENIED as moot;
3. Plaintiff's second amended complaint, **not to exceed 25 pages**, (or notice of voluntary

dismissal), is due on or before **October 11, 2023**; and

4. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **September 6, 2023**              /s/ *Barbara A. McAuliffe*            
                                                        UNITED STATES MAGISTRATE JUDGE