1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10

11 | JAMES D. ALLEN,

12 |                          Plaintiff,

13 |          v.

14 | ARIAS, *et al.*,

15 |                          Defendants.

16

Case No.  1:22-cv-01502-ADA-BAM (PC)

FINDINGS AND RECOMMENDATIONS
REGARDING DISMISSAL OF CERTAIN
CLAIMS AND DEFENDANTS

(ECF No. 22)

**FOURTEEN (14) DAY DEADLINE**

17

18          Plaintiff James D. Allen ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

19 *pauperis* in this civil rights action under 42 U.S.C. § 1983.  The Court screened Plaintiff's

20 complaint and first amended complaint and granted Plaintiff leave to amend.  At Plaintiff's

request, the Court granted Plaintiff leave to file a second amended complaint to include state law

21 claims inadvertently omitted from the first amended complaint. (ECF No. 15.)  Plaintiff's second

22 amended complaint is currently before the Court for screening.  (ECF No. 22.)

23 **I.      Screening Requirement and Standard**

24          The Court is required to screen complaints brought by prisoners seeking relief against a

25 governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

26 § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

27 or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

28

1  relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

2       A complaint must contain "a short and plain statement of the claim showing that the

3  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

6  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

7  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

8  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

9       To survive screening, Plaintiff's claims must be facially plausible, which requires

10  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

11  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

12  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

13  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

14  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

15  **II.      Plaintiff's Allegations**

16       Plaintiff is currently housed at the California Institution for Men in Chino, California.

17  Plaintiff alleges the events in the complaint occurred at California Correctional Institution

18  ("CCI") in Tehachapi, California.  Plaintiff names as defendants: (1) M. Rodriguez, correctional

19  officer, and (2) John Doe, correctional officer.  Defendants are sued in their individual capacities.

20       In claim 1, Plaintiff alleges violation of the Eighth Amendment for excessive force,

21  violation of California state law, California Civil Code section 43 for assault and battery, and

22  Penal Code 240.  On November 18, 2021, in housing unit C4-248, Plaintiff observed Maddox

23  attempting suicide and Plaintiff attempted to intervene. Plaintiff intervened and averted the

24  tragedy. Inmate Maddox said that he was being forced to snitch on inmate affairs for having

25  attempted to cash bribe Correctional Officer Arias, in addition to other personal problems.

26  Plaintiff persuaded Maddox into a suicide intervention with Correctional Officers Arias and

27  Burgess.  Burgess placed Maddox in restraints and escorted Maddox out.  Maddox was permitted

28  to return 1.5 hours later.

The next day, on 11/19/21, Maddox attempted to murder Plaintiff by slicing Plaintiff's throat with a boxcutter blade.  Plaintiff sustained two injuries: 1- 7.5 cm length/015 cm width deep slash on the left forearm and a 5.5. cm length/1.0 cm width deep slash on Plaintiff's shoulder.  Plaintiff was transported to Tehachapi Hospital.

Correctional Officer John Doe responded to the alarm code in HU-C4 where he encountered an unconscious inmate Maddox incapacitated on the floor from a blow that Plaintiff delivered.  John Doe also discovered Plaintiff kneeling on one knee by A-section phones before ordering Plaintiff to prone out on the floor.  John Doe placed Plaintiff in handcuffs.  When he searched Plaintiff, John Doe discovered blood on Plaintiff's left side from the forearm injury. Plaintiff repeatedly asked for John Doe to check Plaintiff's neck where John Doe discovered a second injury and he exclaimed, "Ooh!"  He abruptly left Plaintiff handcuffed on his stomach and within several minutes, John Doe and Correctional Officer Rodriguez returned where Plaintiff was located.

Once John Doe and Rodriguez got within a foot and a half of Plaintiff, Correctional Officer Rodriguez began to spray Plaintiff in the face, eyes, head, shoulder, neck, ears, and other areas. Plaintiff began coughing, choking, gasping and he was burning.  Maddox was also sprayed while unconscious with an entire can of chemical agent. Plaintiff was left in burning condition for 10 to 15 minutes on the floor before being escorted to Facility C medical where Plaintiff was triaged and then transferred to Tehachapi.

Plaintiff sustained injuries from the box cutter, and since Plaintiff is a mental health participant, he suffered emotionally and mentally and physically. Plaintiff has suffered damages from the loss of his prison employment and lack of financial gain and restitution hinderance.

In claim 2, Plaintiff alleges a failure to intervene to prevent the misuse of force in violation of the Eighth Amendment.  Plaintiff realleges the allegations from Claim 1 and alleges that Defendant John Doe failed to intervene to prevent the misuse of force by failing to protect Plaintiff from Rodriguez's use of force.

As remedies, Plaintiff seeks compensatory and punitive and nominal damages.  Plaintiff alleges that he presented a claim pursuant to the California Government Claims Act which was

1  denied.

2  **III.    Discussion**

3      **A.    Eighth Amendment**

4          **1. Excessive Force**

5      The Eighth Amendment protects prisoners from inhumane methods of punishment and

6  from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

7  2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual

8  Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992)

9  (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must

10 provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

11 *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

12     "[W]henever prison officials stand accused of using excessive physical force in violation

13 of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-

14 faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

15 *Hudson*, 503 U.S. at 6-7. Not "every malevolent touch by a prison guard gives rise to a federal

16 cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution

17 provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley*

18 *v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

19     For claims of excessive physical force, the issue is "whether force was applied in a good-

20 faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

21 *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,]

22 the need for application of force, the relationship between that need and the amount of force used,

23 the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the

24 severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ).

25 Finally, because the use of force relates to the prison's legitimate penological interest in

26 maintaining security and order, the court must be deferential to the conduct of prison officials.

27 *See Whitley*, 475 U.S. at 321–22.

28     Plaintiff alleges the Defendant Rodriguez pepper sprayed Plaintiff when Plaintiff was

1  prone on the ground and handcuffed.  Plaintiff states a cognizable claim against Defendant

2  Rodriguez for excessive force.

3  **2.  Failure to Protect/Intervene**

4  Plaintiff alleges Defendant John Doe, correctional officer, failed to protect Plaintiff from

5  being pepper sprayed by Defendant Rodriguez.

6  The Eighth Amendment requires that prison officials take reasonable measures to

7  guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. at 832. In particular, prison

8  officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833;

9  *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040

10  (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629

11  F.2d 637, 642 & n.3 (9th Cir. 1980).

12  The failure of prison officials to protect inmates from attacks by other inmates or from

13  dangerous conditions at the prison violates the Eighth Amendment when two requirements are

14  met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is,

15  subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison

16  official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health

17  or safety by failing to take reasonable steps to abate it. *Id.* at 837.

18  A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials

19  only where the officials acted with "deliberate indifference" to the threat of serious harm or injury

20  to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); see also

21  *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor

22  that prisoner is snitch may state claim for violation of right to be protected from violence while in

23  state custody), or by physical conditions at the prison. The official must both be aware of facts

24  from which the inference could be drawn that a substantial risk of serious harm exists, and he

25  must also draw the inference. *See Farmer*, 511 U.S. at 837. Mere negligent failure to protect an

26  inmate from harm is not actionable under Section 1983. *See Farmer*, 511 U.S. at 835.

27  Liberally construing the allegations, Plaintiff states a cognizable claim against John Doe,

28  correctional officer, who was present when Defendant Rodriguez pepper sprayed Plaintiff while

1    Plaintiff was prone and handcuffed.

2    **B. Assault and Battery**

3    Under California civil law, the elements of assault are: "(1) that defendant intended to

4 cause harmful or offensive contact, or the imminent apprehension of such contact, and (2) that

5 plaintiff was put in imminent apprehension of such contact." *Brooks v. United States*, 29

6 F.Supp.2d 613, 617 (N.D.Cal.1998) (citing Restatement (Second) of Torts § 21). Under

7 California civil law, the elements of a battery are: "(1) the defendant intentionally did an act that

8 resulted in harmful or offensive contact with the plaintiff's person, (2) the plaintiff did not consent

9 to the contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff." *Tekle v*

10 *United States*, 511 F.3d 839, 855 (9th Cir. 2007); *accord Piedra v. Dugan*, 123 Cal. App. 4th

11 1483, 1495 (Cal. Ct. App. 2004).

12    Based on the above facts, Plaintiff states cognizable claims for assault and battery against

13 Defendant Rodriguez for pepper spraying Plaintiff while Plaintiff was prone and in handcuffs.

14 Plaintiff fails, however, to state claims for assault and battery against John Doe because Plaintiff

15 fails to allege any facts showing that John Doe engaged in any force. *See So v. Shin*, 212 Cal.

16 App. 4th 652, 668-69 (2013) (elements of assault include "intent to cause harmful or offensive

17 contact" or threat of such contact while battery requires defendant touch plaintiff or cause him to

18 be touched with "intent to harm or offend").

19    **C. Unknown Defendant**

20    The use of John Does in pleading practice is generally disfavored – but is not prohibited.

21 *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wakefield v. Thompson*, 177 F.3d

22 1160, 1163 (9th Cir. 1999); *Lopes v. Viera*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008).

23 However, Plaintiff is hereby advised that the Court cannot order service of a Doe defendant

24 because the United States Marshal cannot serve a Doe defendant. Plaintiff will be required to

25 identify him or her with enough information to locate the defendant for service of process.

26 Plaintiff will be given the " 'opportunity through discovery to identify the unknown (Doe)

27 defendants.' " *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie*, 629

28 F.2d at 642). Once the identify of a Doe defendant is ascertained, Plaintiff must file a motion to

amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted. However, the Court will recommend that any Doe defendant Plaintiff fails to identify during the course of discovery be dismissed from this action.

### D.   Criminal Statutes

Plaintiff alleges that defendants violated or failed to comply with the requirements of provisions of the California Penal Code. However, Plaintiff has no constitutional right to have another person criminally prosecuted. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Criminal statutes generally do not provide a private cause of action or a basis for civil liability. *See*, *e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit). When a criminal statute is violated, the question of whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the discretion of the prosecutor, not the Court. *United States v. Batchelder*, 442 U.S. 114, 124 (1979). Plaintiff therefore fails to state any cognizable claims based on defendants' alleged violation of California criminal statutes.

### IV.  Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's second amended complaint states cognizable claims for excessive force against Defendant M. Rodriguez in violation of the Eighth Amendment (claim 1), a claim for assault and battery under state law against Defendant M. Rodriguez (claim 1), and a claim for failure to protect/intervene against John Doe, correctional officer, in violation of the Eighth Amendment (claim 2). However, Plaintiff's second amended complaint fails to state any other cognizable claims for relief against any other Defendants. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that:

1.  This action proceed on Plaintiff's second amended complaint, filed on October 10, 2023, (ECF No. 22), for excessive force against Defendant M. Rodriguez in violation of the

Eighth Amendment (claim 1), a claim for assault and battery under state law against Defendant M. Rodriguez (claim 1), and a claim for failure to protect/intervene against John Doe, correctional officer, in violation of the Eighth Amendment (claim 2); and

2. All other claims and defendants be dismissed, with prejudice, based on Plaintiff's failure to state claims upon which relief may be granted and/or improperly joined claims.

*  *  *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**October 17, 2023**__          ____ /s/ *Barbara A. McAuliffe* ____
                                                      UNITED STATES MAGISTRATE JUDGE