1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. ALLEN, | Case No.  1:22-cv-01502-BAM (PC) |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |
| v. | (ECF No. 64) |
| ARIAS, *et al.*, | |
| Defendants. | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| | (ECF No. 66) |
| | **FORTY-FIVE (45) DAY DEADLINE** |

Plaintiff James D. Allen ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's third amended complaint against: (1) (1) Defendant M. Rodriguez for excessive force in violation of the Eighth Amendment; (2) Defendant M. Rodriguez for assault and battery under state law; and (3) Defendant J. Anaya for failure to protect/intervene in violation of the Eighth Amendment.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF No. 59.)

On February 9, 2025, Defendants Rodriguez and Anaya ("Defendants") filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies.

1

(ECF No. 60.)  On February 18, 2025, the Court issued a second informational order providing Plaintiff with notice of the requirements for opposing a motion for summary judgment.  *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 61.)

After Plaintiff failed to file an opposition to the motion for summary judgment, on March 31, 2025, the Court issued an order for Plaintiff to show cause within twenty-one days why this action should not be dismissed for failure to prosecute.  (ECF No. 64.)

Currently before the Court are Plaintiff's declaration and motion for extension of time to file opposition brief, filed April 7, 2025, and Plaintiff's response to the Court's order to show cause, filed April 17, 2025.  (ECF Nos. 65–67.)  Defendants have not filed responses to Plaintiff's filings, and the deadline to do so has expired.  The Court finds that further briefing is unnecessary and Plaintiff's motion for extension of time and other responses are deemed submitted.  Local Rule 230(l).

In his declaration, Plaintiff includes a lengthy recitation of the factual allegations in support of his claims, not relevant to the instant order.  (ECF No. 65.)  Plaintiff then asserts that discovery is still open, but he is not yet able to present facts to justify his opposition to Defendants' motion for summary judgment because he is missing the Court's most recent discovery and scheduling order and Defendants' motion for summary judgment, and CDCR has failed to respond to Plaintiff's GA-22s to retrieve missing legal documents located in Plaintiff's C-File.  (*Id.* at 20–21.)

In his motion for a ninety-day extension of time to file his opposition to Defendants' motion for summary judgment, Plaintiff elaborates that the missing discovery and scheduling order and motion for summary judgment were either lost, damaged, or destroyed between February 13, 2025 and February 14, 2025, when Plaintiff was transferred from Salinas Valley State Prison and CSATF.  (ECF No. 66, p. 2.)  Plaintiff has not been given a timeline as to when, or if, his missing personal and legal property will be restored.  Plaintiff presents as evidence that he previously possessed legal materials in preparation for an anticipated jury trial because he sent initial disclosures to defense counsel on September 30, 2024, and referred to those legal materials

1  during his November 25, 2024 deposition.  Plaintiff cannot reasonably file an opposition brief or

2  present disputed facts without obtaining duplicate copies of his exhausted appeal grievances by

3  the current due date.  Plaintiff hopes to elicit from further discovery the original legal materials

4  referenced in his initial disclosures, additional witness testimonies and declarations through

5  discovery requests (including interrogatories, admissions, and production requests) that are

6  currently being pursued.  Plaintiff anticipates responses within the upcoming week that are

7  currently due on March 18, 2025 from defense counsel.  (*Id.* at 4.)

8          Finally, Plaintiff's response to the Court's March 31, 2025 order to show cause explains

9  that he originally attempted to notify the Court and defense counsel of his missing legal and

10  personal property on March 16, 2025, but his correspondence was returned on March 28, 2025.

11  (ECF No. 67, p. 2.)  Plaintiff re-sent the correspondence on April 2, 2025.  (*Id.* at 3.)

12          In light of Plaintiff's filings and a lack of opposition from Defendants, the Court finds it

13  appropriate to discharge the March 31, 2025 order to show cause and grant Plaintiff a final

14  opportunity to file an opposition to Defendants' motion for summary judgment.  Plaintiff's

15  attempts to notify the Court of his missing legal property and his efforts to regain access to the

16  materials necessary to file an opposition to Defendants' motion for summary judgment present

17  good cause to support the requested extension of time.  To the extent Plaintiff's request is based

18  on outstanding discovery requests with responses due on March 18, 2025, Plaintiff should have

19  received responses by the time of this order, and therefore those discovery requests, or any

20  discovery requests not yet served on Defendants, do not support good cause for the requested

21  extension.  The Court finds that an extension of forty-five days, rather than ninety, is appropriate

22  under these circumstances, and that Defendants will not be prejudiced by the extension granted

23  here.

24          Accordingly, IT IS HEREBY ORDERED as follows:

25  1.  The March 31, 2025 order to show cause, (ECF No. 64), is DISCHARGED;

26  2.  Plaintiff's motion for extension of time to file an opposition to Defendants' motion for

27       summary judgment, (ECF No. 66), is GRANTED IN PART;

28  ///

3. Within **seven (7) days** from the date of service of this order, Defendants are DIRECTED to re-serve on Plaintiff a courtesy copy of the February 6, 2025 motion for summary judgment, **including all original exhibits and attachments**, (ECF No. 60);

4. The Clerk of the Court is DIRECTED to re-serve courtesy copies of the following orders on Plaintiff at his current address of record:

    a. The August 8, 2024 discovery and scheduling order, (ECF No. 42);

    b. The November 15, 2024 order extending application of the August 8, 2024 discovery and scheduling order to Defendant J. Anaya and extending discovery and dispositive motion deadlines, (ECF No. 54); and

    c. The February 18, 2025 second informational order, (ECF No. 61);

5. Plaintiff's opposition to Defendants' February 6, 2025 motion for summary judgment is due within **forty-five (45) days** from the date of service of this order; and

6. **Plaintiff's failure to file an opposition in compliance with this order will result in dismissal of this action, without prejudice, for failure to prosecute and failure to obey a court order.**

IT IS SO ORDERED.

Dated:  __May 27, 2025__                    ___/s/ Barbara A. McAuliffe___
                                                    UNITED STATES MAGISTRATE JUDGE