# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. ALLEN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ARIAS, *et al.*,<br><br>　　　　　　Defendants. | Case No.  1:22-cv-01502-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S *EX PARTE* MOTION TO MODIFY THE SCHEDULING ORDER AND VACATE THE DISPOSITIVE MOTION DEADLINE<br><br>(ECF No. 73) |

　　　　Plaintiff James D. Allen ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's third amended complaint against: (1) Defendant M. Rodriguez for excessive force in violation of the Eighth Amendment; (2) Defendant M. Rodriguez for assault and battery under state law; and (3) Defendant J. Anaya for failure to protect/intervene in violation of the Eighth Amendment.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF No. 59.)

　　　　On August 8, 2024, the Court issued a Discovery and Scheduling Order in this action. (ECF No. 42.)  On November 15, 2024, based on the subsequent substitution and appearance of Defendant Anaya, the Court extended the application of the Discovery and Scheduling Order to Defendant Anaya.  The Court also extended the applicable discovery and dispositive motion

1

1  deadlines, setting the deadline for completion of all discovery to June 9, 2025, and the deadline
2  for filing all dispositive motions (other than a motion for summary judgment for failure to
3  exhaust) for August 19, 2025.  (ECF No. 54.)
4        On February 6, 2025, Defendants filed a motion for summary judgment on the ground that
5  Plaintiff has failed to properly exhaust his administrative remedies as required by the Prison
6  Litigation Reform Act.  (ECF No. 60.)  Plaintiff opposed the motion on July 21, 2025.  (ECF No.
7  69.)  Defendants filed their reply on August 4, 2025.  (ECF No. 70.)  The motion remains
8  pending.
9        Currently before the Court is Defendants' *ex parte* motion to modify the scheduling order
10  and vacate the pending dispositive motion deadline, filed on August 8, 2025.  (ECF No. 73.)
11  Defendants move to vacate the August 19, 2025 dispositive motion deadline (other than a motion
12  for summary judgment for failure to exhaust) pending resolution of Defendants' motion for
13  summary judgment for failure to exhaust.  Defendants state the instant motion should be granted
14  because the pending motion for summary judgment for failure to exhaust could dispose of this
15  case and proceeding with a merits-based motion for summary judgment at this juncture would be
16  a waste of the parties' and Court's resources.  (*Id.* at 1-2.)  Plaintiff has not yet filed a response,
17  but the Court finds a response unnecessary, and the motion is deemed submitted.  Local Rule
18  230(l).
19        Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may
20  be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The
21  "good cause" standard "primarily considers the diligence of the party seeking the amendment."
22  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may
23  modify the scheduling order "if it cannot reasonably be met despite the diligence of the party
24  seeking the extension."  *Id.*  If the party was not diligent, the inquiry should end.  *Id.*
25        Having considered Defendants' moving papers, the Court finds good cause to modify the
26  Discovery and Scheduling Order and to vacate the August 19, 2025 dispositive motion deadline.
27  The Court finds it would be an efficient use of the resources of the Court and the parties to
28  resolve Defendants' motion for summary judgment based on the failure to exhaust administrative

remedies prior to reaching the merits of this action. Further, the Court finds that the relief granted here will not result in prejudice to Plaintiff.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' *ex parte* motion to modify the scheduling order and vacate the dispositive motion deadline (ECF No. 73) is GRANTED;
2. The August 19, 2025 deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is VACATED; and
3. As necessary and appropriate, the Court will reset the dispositive motion deadline following resolution of the pending motion for summary judgment for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated: **August 11, 2025**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE